May it please the Court. My name is Francisco León and I represent Mr. Burruel-Lopez in this matter. Mr. Burruel-Lopez entered a plea agreement to dispose of a charge against him for illegal reentry. The plea agreement provided for a stipulated sentence of 24 months. It also included a provision that he was not going to be charged for a supervised release violation. The Court accepted the plea, but at sentencing, the judge felt that the stipulated 24-month sentence was insufficient. And the reason he thought it was insufficient is because he had previously sentenced the defendant, some 5 years before, to a total sentence of 27 months for a supervised release violation and a previous illegal reentry case. Yep. I'm sort of a basis for doing that, didn't he? I mean, isn't your client been given increasing periods of time to stay out of the country? He has been given. And each time that period has increased, I think the last increase was, what, 20 years? 10 years, something like that? No. The last the last he's he's always been exposed to 10 years because he has no prior I'm talking about custody. I'm talking about, wasn't it in each time he gets sentenced for being here illegally after being deported, a condition of the sentence is that he stay out of the United States for a period of time. Am I right about that? Correct. And that figure, the amount of time he's supposed to stay out of the country, has increased from 5 to 10 to 20, am I right? I don't believe so, Judge. You don't think it got to 20? No. But you'll concede that the number increased? Yes. The maximum exposure under the statute, yes. Okay. And the reason is that he's never been charged. He's never had an aggravated felony. He's had felonies, and he's had misdemeanors. Every time he's sent out of the country, no matter what the period of time he's supposed to stay out, he comes back almost immediately and commits other crimes, correct? On this instance, I don't believe he had committed another crime. I think he was arrested earlier. In the past, he has, despite being told and to stay away and promising to stay away, he's come back and committed other crimes. Yes. And you don't think that that justified a variance in the sentence? Well, I think there's got to be some – there's any number of reasons why the guideline calculation can be less even after having prior convictions. One of them, for example, might be that a prior conviction which was previously counted for criminal history category points might get too old. And so the criminal – the sentencing guideline calculation might come down. Is that present in this case? I think it was with regard to Mr. Buduel, because one of the prior convictions that he had was not counted, or it had been counted in 2005 when he had been previously convicted. There's a – Well, in any event, the – he came for a sentencing, and the district judge said to him, I think the sentence in the agreement is too low, and I'm not going to be bound by it, and if you want to have it changed, if you want to withdraw your plea, go ahead. You have a right to. Otherwise, you're going to get sentenced to more than the length of the agreement. Is that right? Yes. So what's wrong? Well, what's wrong is what the judge did is he sentenced him to actually quite a bit more than even the sentencing guideline calculation. Not very long for somebody who keeps coming back into the country. I have trouble with some of these sentencing cases. The whole point of saying mandatory guidelines were unconstitutional was to allow a judge to say, well, first thing I'll look at is the guidelines. I've got a lot of other factors, and then I'll make up my mind. I'm not bound by the guidelines. No, that's true, although in this instance, I think what the judge did is he went above the guidelines without giving us notice that that was the intention. He didn't even notice before he went above. He said I'm going to not going to accept. We're talking about a fairly small sentence. It's less than three years, isn't it, two-and-a-half years or so? He got a 36-month sentence. His range under the guidelines was 24 to 30 months, and he actually got 36 months. Three months, six months above the guidelines, and saying what was the proposed sentence? The proposed, the stipulated sentence under the plea agreement was 24 months. And so he said, you know, that doesn't really do it for a case like this. So you think he should have said not only am I going to go more than 24, but I'm going to go to six months above the 30-month guideline? I thought he was going to impose a sentence of 30 months, the top of the guideline range, because the guideline range calculated in the pre-sentence report. But what requires him to say I'm going to go, instead of going to 30, I'm going to go to 36? What requires that? The guideline isn't mandatory. No, they're not mandatory, but Rule 32H requires the Court to give some kind of notice that his intent is to go above the guideline range. And he didn't do that, which is the second point of our appeal. He didn't do that. He simply imposed a sentence of 36 months, which, as I mentioned, was six months over what the guideline calculation range was. And it was, as I say, 12 months more than what he had agreed to, and actually 12 months more than what the prosecution had stipulated to and the probation office had recommended. Let me ask you a question. I read the briefs, and I didn't find any place in there what you would have said had you had more notice. I mean, I read what was said anyway, and I thought best argument can be made is what's made. All you're arguing is telling me as the hearing begins ought to give me some more time. And then I read what was said, and I didn't know what else you would have said if you'd had four months. I mean, I tried to come up with it, so where's the prejudice? And I say, in your brief, it seems to me, you have to outline what that prejudice is, even if there's a problem, and I didn't see it. Yeah. I don't know that I would have said anything different than what I said at sentencing. We went into the sentencing expecting that we were going to get the 24-month sentence. The sentencing hearing was the first time that the judge had indicated that he was pleased with that stipulated sentence. And although you can see from the record that I did discuss the matter with my client, and I believed that he would be sentenced at the upper range of the guideline calculation, which was 30 months. So it was somewhat stunning to me to get a 36-month sentence, certainly to my client. And I think my argument is that procedurally, if the Court is going to impose a sentence above the guideline calculation, Rule 32H requires that the defendant be advised so that he can be prepared for that. Well, he was advised at the beginning of the hearing. All you're suggesting is it needs to be more advice. When was the sentencing? What date was the sentencing? I believe it was November 2, 2009. November 2, 2009, more than a year ago. Yes. So you've had more than a year to consider what arguments you would have made to Judge Berry. Is it Berry? Judge Berry, yes. Yes. That you would have made to him that you weren't able to make because of the shortness of time. Let's hear him. Well, to be honest with you, I haven't developed any arguments. You've had a year to do it, and you don't have anything that you could have? I don't know that I've done that. Let me finish my question. Don't anticipate the question. You've had more than a year, and you can't think of anything you would have told the judge at sentencing? The only thing that I would have told the judge is this, that the plea agreement that was entered into, in Arizona, they have standard plea agreements for these types of cases because there's so many of them. The plea agreement that has been entered into. I have some familiarity with that. Pardon me? I said I have some familiarity with that. Yes. Well, the plea agreement that was entered into in this case was granted the defendant a two-level downward departure for acceptance of responsibility. It did not grant him any further downward departure precisely because the prosecution took into account that they were not going to file a petition to revoke supervised release. And so if he had entered into the standard offer, he would have gotten a much lower range. The prosecution probably would have filed a petition to revoke supervised release, and it may or may not have been or resulted in a sentence, a total sentence of more than 36 months. The other thing I would have mentioned to the judge is this. The judge took the question, considered that in 2005, he gave him a sentence of 27 months. But what the judge didn't consider was that that was a combined sentence for illegal entry and a consecutive sentence for supervised release. In this instance, there was only one offense, one charge. There was no supervised release violation that was going to be filed. And so the sentence actually went from 12 months, I believe it was 12 months in 2005, to 36 months. It tripled for the same offense. That's the only thing I would have pointed out to the judge to explain why I thought the sentence of 36 months was tripled. Thank you. Roberts. Thank you. Thank you. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States in this matter. Did defense counsel object at sentencing to the lack of notice? No. So are we on plain error? Yes. Okay. And I don't think it's a sentence that exceeds the guideline or not. I think as far as plain error analysis, Your Honor, I think we're under plain error analysis the extent he's arguing about the lack of notice of the – well, actually, I think the first issue is whether the court, the district court, imposed a departure or a variance. If it was a variance, no notice was required under the Supreme Court case law. If it was a variance, I mean, if it was a departure, notice is required, but this Court has held in the Hernandez case that notice at the beginning of the sentencing hearing can be adequate. The district court here used both terms, right? That is correct. But was it – it was noticed that the district judge was going to go above the agreement. But was there notice that he was going to go above the guidelines, if that makes any difference? Just take the first half of the question. Was there notice that he was going to go above the guidelines? I think there was, because he talks – the court talks about what going – the statutory – that the statutory maximum is 10. He talks about that in a couple of places. The defense counsel also – Well, what does that have to do with it, that the maximum is 10? I would say that that's suggesting he's – the district court is not believing he's bound by the 30-month guideline range. In addition, the defense counsel understood it that way, because a couple of times he asked the court, the district court, not to go above 30 months. So clearly, the defense counsel knew above 30 months was a possibility. So in that sense, there was adequate notice, and especially in the light of the lack of objection, the lack of asking for a continuance, and the lack of any prejudice to the defendant, that that was all proper in this case. So I'm – excuse me, that there was no plain error in this case in any event. It seemed to me that you argued this is a variance. I – Given that he went above the guidelines, can I really suggest this is a variance? Yes. You can vary upward from the guidelines. So because he uses the 3553A factors, it makes it a variance? He – that's what the record suggests. Although, as Judge Hawkins pointed out, he did use both terms basically at the sentencing. And so what would make it a departure? I think it was the – I think it's actually a misstatement, but he seems to be referring to 5K2 as a possible basis for departure. But in any event, one of the things I think is a practical matter that we can't overlook in this case is that the defendant got a significant benefit from the district court's willingness to acquiesce in basically combining his supervised release revocation and his sentencing on the indictment. Does this have any bearing on whether we view this as a variance or a departure, that he got a good deal, or he got a break, or could have been charged with more? I'm just saying in context, as far as if you're looking at, as a practical matter, what the kind of the reasonableness of his sentence, it's actually because of the court's willingness to combine the two, he actually comes in below a guideline range. What do you think, from your point of view, the teaching point of this appeal is? I would say the first teaching point is the – For you. For the government, it should be more careful before it issues a plea offer. That would be the first one. And then the second one, I would say – How about standing up during the sentencing and saying, Your Honor, if you view this as a departure, the defendant is entitled to prior notice? That would be good, too. Okay? Yes. If the Court has any other questions. Thank you, Your Honor. Thank you. He's out of time, isn't he? I have only two points. The Court – I'm sorry? You can have one minute. Okay. The Court only stated that it was going to go above the 24-month. It never said it was going to go above the sentencing guideline calculation. And one of the other things that I wanted to point out is that in the sentencing, once the Court rejected that portion of the plea agreement, although it, the government, had extended that plea offer with a stipulated 24-month sentence, the argument by the prosecutor certainly seems to suggest that they were asking for a maximum sentence at that point, because they do go into – By 10 years? Pardon me? They're asking for 10 years? No, not 10 years, but for a much longer sentence than 24 months, which is what they had previously agreed to. They argued about the extensive criminal record. But that isn't really in front of us, is it? We don't have any prosecutorial misconduct out there. No. No. What I'm suggesting is this, Judge. One of the problems with – where the Court rejects a plea agreement like this, and it's discussed in Morgan and Miller, the cases that I cite in there, is that the prosecution sometimes begins to believe that because the Court rejects a plea agreement, a plea agreement, or a plea bargain, that the prosecution begins to feel that they have an obligation, then, to increase the charge or argue for a longer sentence. And I think that's what happened in this case. Once the judge rejected the 24-month portion of the plea agreement, they felt free to argue for a much longer sentence. All right.
judges: Reinhardt, Hawkins, Smith N. R.